UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| EARL KELLY PRINCE, et al.,<br>Plaintiffs, | Case No. 1:16-cv-419<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| NATIONAL LABOR RELATIONS<br>BOARD, et al.,<br>Defendants. | REPORT AND<br>RECOMMENDATION |

**I. Procedural background**

Plaintiffs Earl Kelly Prince and Ingrid Prince, proceeding pro se, bring this action against the National Labor Relations Board (NLRB) and several individual defendants. Plaintiffs were granted leave to proceed *in forma pauperis* and filed the original complaint on April 21, 2016. (Docs. 3, 4). Plaintiffs filed an amended complaint on May 20, 2016. (Doc. 6). In addition to the NLRB, plaintiffs name as defendants Vivian Robles, Deborah MP Yaffe, Peter Ohr, and Robert Chavarry,[1] each in their individual capacity, and Lafe E. Solomon.[2] This matter is before the Court on (1) the United States' motion to dismiss plaintiffs' state law tort claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 21), (2) the NLRB's motion for summary judgment as a matter of law on plaintiffs' claim brought against it under the FOIA (Doc. 23), and (3) defendants Robles and Ohr's motion to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 24). Plaintiffs have not filed memoranda in opposition to these motions.

---

[1] Plaintiffs named "Roberto Chevery" as a defendant, but defendants have indicated that "Chavarry" is the correct spelling of this defendant's name.

[2] Plaintiffs did not indicate whether they were suing Solomon in his individual or official capacity.

Plaintiffs make the following allegations in the original and amended complaints (Docs. 4, 6) in support of their claims: Plaintiff Earl Kelly Prince (Prince) was hired by "the CTU" in 1979 and was employed at all relevant times as a field representative. (Doc. 6, ¶ 10). In March of 2004, the Chicago Tribune Newspaper announced Prince was a candidate for president of the CTU. (*Id.*, ¶ 11). No candidate received a majority of votes due to voter "fraud" and "irregularities," and a runoff was held between the incumbent Debra Lunch and Marilyn Stewart. (*Id.*). The two candidates offered Prince a job in their administrations in return for his endorsement in the runoff. (*Id.*, ¶ 12). Prince endorsed Lunch, who offered him a promotion which he accepted; however, the offer was "later rescinded due to provisions in the new contract that would cause him to lose 18 years of severance pay." (*Id.*, ¶ 13)

Stewart was declared the winner of the election. (*Id.*, ¶ 14). She immediately retaliated against Prince for running against her and not endorsing her in the runoff by having him notified that he was terminated from his field representative job and was to vacate his office before she physically reported for her job. (*Id.*, ¶¶ 15, 16). Stewart took this action even though Prince's contract provided he could be terminated only for "cause." (*Id.*, ¶ 16). Prior to his termination and his participation in the union election, Prince had accumulated over 26 years of service with the CTU, including 23 years as a field representative. (*Id.*, ¶ 17).

In August 2004, Prince filed an unfair labor practice charge with the NLRB against Stewart and the CTU alleging violations of 29 U.S.C. § 158(a)(1) and (a)(3) stemming from his discharge and the discharge of "a number of other employees in alleged retaliation for Union activity."[3] (*Id.*). Prince filed a complaint under § 158(a)(3) arising from his termination from his field representative position "due to his union and/or protected concerted activity." (*Id.*). The

---

[3] Section 158(a)(1) makes it an unfair labor practice for an employer to interfere with or restrain an employee in the exercise of his rights, and § 158(a)(3) prohibits an employer from discriminating against an employee to encourage or discourage membership in a labor organization. 29 U.S.C. § 158(a)(1), (3).

NLRB dismissed Prince's complaint on the ground its evidence showed he was a managerial employee and not a field representative. (*Id.*, ¶ 18). Prince appealed and requested a copy of the evidence showing he was a manager, but the evidence was never provided to him and the NLRB dismissed his appeal on the same ground as the original dismissal. (*Id.*, ¶¶ 19, 20, 21). Prince made repeated requests for evidence from the NLRB showing he was a manager, but the NLRB did not send him the evidence required to substantiate its finding. (*Id.*, ¶¶ 22, 23, 24). Prince retained personnel to investigate his termination proceeding, and they purportedly "found evidence of fraud" and "concealed evidence of perjury." (*Id.*, ¶ 25). The investigators also allegedly discovered after reviewing the records of NLRB investigator Robles that she did not speak to Prince's direct supervisor or to anyone else with personal knowledge of his job to verify his employment as of the date of his termination. (*Id.*).

Prince filed suit against the CTU based on the allegedly fraudulently investigation and notified the NLRB of the suit. (Doc. 4 at 3). When he raised the "NLRB file" at the trial, "the NLRB immediately destroyed the files" on which the trial was based. (*Id.*). Plaintiffs were notified on March 20, 2013, that the file was intentionally destroyed. (*Id.*). Plaintiffs allege they are unable to file an appeal due to the destruction of the file. (*Id.*).

Plaintiffs bring state law claims for intentional destruction and spoliation of evidence and intentional infliction of emotional distress. (Doc. 6., pp. 5-7). In support of the spoliation claim, plaintiffs allege that the NLRB was given written notice that Prince had filed a lawsuit regarding his unfair labor practice charge and alleged fraud in the NLRB and Robles' investigation; the NLRB was required to preserve Prince's file; and the NLRB intentionally destroyed the file after acknowledging Prince's potential tort claims. (*Id.*, pp. 5-6). Prince alleges that "defendant" intentionally caused him severe emotional distress by unlawfully terminating his field

3

representative position in retaliation for his protected union activity in reckless disregard of his rights. (*Id.*, p. 7). Plaintiffs also bring a due process claim under the Fourteenth Amendment based on the alleged intentional destruction of evidence. (*Id.*, pp. 5-6). Plaintiffs allege that at the time the NLRB allegedly destroyed Prince's file, he had a motion to reopen his case pending with the NLRB and a right to appeal the NLRB's final determination to the federal court, but he was unable to pursue these remedies after the file was destroyed. (*Id.*, pp. 5-6). Plaintiffs bring a claim under the FOIA alleging that they made a FOIA request to the NLRB on April 5, 2016, to which the NLRB has failed to respond or state any exemptions. (*Id.*, pp. 6). As relief for the alleged violations of their rights, plaintiffs seek $7 million in compensatory damages and $5 million in punitive damages.

On December 22, 2016, the United States filed a Notice of Substitution under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679, and a certification of scope of employment in this action. (Doc. 20). The United States substituted itself as defendant for the individual defendants on the state law claims for spoliation of evidence and intentional infliction of emotional distress. Subsequently, on February 9, 2017, the undersigned issued a supplemental Report and Recommendation which recommended that the complaint against defendants Yaffe, Solomon and Chavarry be dismissed without prejudice for failure of service.[4] (Doc. 29).

## II. Defendants Robles and Ohr's motion to dismiss

Defendants Robles and Ohr move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) plaintiffs do not have a remedy under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); (2) even if plaintiffs did have such a remedy, it would be barred by the statute of limitations; (3) plaintiffs fail to allege sufficient facts

---

[4] The Report and Recommendation remains pending before the District Judge.

4

to state a plausible claim to overcome these defendants' entitlement to absolute and qualified immunity; and (4) plaintiffs do not have a FOIA claim against the individual defendants. (Doc. 24).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiffs' claim against defendant Ohr must be dismissed because plaintiffs have failed to satisfy basic pleading essentials as to this defendant. Plaintiffs name Ohr as a defendant but neither the original nor amended complaint includes any allegations against him. Plaintiffs' complaint therefore does not suffice to give this defendant fair notice of plaintiffs' claim against him and does not state a plausible claim to relief against Ohr.

Further, insofar as plaintiffs seek to assert claims against defendant Ohr and Robles for violations of their federal due process rights, their claims must be dismissed as time-barred. Defendants properly construe plaintiffs' federal claims against them as alleging violations of plaintiffs' due process rights as guaranteed under the Fifth Amendment to the United States Constitution. (Doc. 24 at 8). To the extent plaintiffs have suffered injuries as a result of a federal agent's violation of their constitutional rights, they may bring a *Bivens* claim to recover money damages for their injuries. *Harris v. United States,* 422 F.3d 322, 331 (6th Cir. 2005) (citing *Bivens*, 403 U.S. at 397). *Bivens* claims and § 1983 actions are analyzed under the same legal principles, except that federal rather than state action is a requirement under *Bivens*. *See McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987). To prevail on a *Bivens* claim, plaintiffs must prove that (1) they were deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of law. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012); *Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001)).

*Bivens* actions are generally governed by the statute of limitations in the state where the claim arose. *Harris,* 422 F.3d at 331. *Bivens* claims arising in Ohio are governed by the two-year statute of limitations applicable to personal injury claims found in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their

6

accrual. *Dominguez v. Deters*, 1:12-cv-622, 2012 WL 3637192, at *4 (S.D. Ohio Aug. 22, 2012) (Report and Recommendation), *adopted*, 2012 WL 4813778 (S.D. Ohio Oct. 10, 2012), *aff'd*, No. 12-4311 (6th Cir. July 3, 2013) (citing cases). In addition to the length of the limitations period, "closely related questions of tolling and application" are "governed by state law." *Harris,* 422 F.3d at 331 (citations omitted). The two-year statute of limitations contained in § 2305.10 may be equitably tolled in a *Bivens* action. *Johnson v. Hayden*, 67 F. Appx. 319, 323 (6th Cir. 2003).

It is clear from the allegations of the original and amended complaints that plaintiffs' *Bivens* claims against defendants Ohr and Robles are time-barred under the applicable two-year statute of limitations. Plaintiffs' cause of action against these defendants "accrued" under Ohio Rev. Code § 2305.10 more than two years before plaintiffs instituted this lawsuit in March 2016. Read together, the original and amended complaints allege that Prince filed an unfair labor practice charge with the NLRB in August 2004 (Doc. 6, ¶ 17); NLRB investigator Robles denied the charge on the ground she had investigated and found Prince was a manager and not a field representative (Doc. 4, p. 3); plaintiffs learned as the result of an outside investigation they arranged that Robles had conducted a "fraudulent investigation" into Prince's unfair labor practice charge by failing to speak with his direct supervisor or other individuals with personal knowledge about his job duties (*Id.*; Doc. 6, ¶ 25; *Id.*, p. 5); and plaintiffs were notified on March 20, 2013, that Prince's file was intentionally destroyed when he referenced the file in a lawsuit he had filed against the CTU in connection with the allegedly fraudulent investigation. (Doc. 4, p. 3). Despite admittedly having notice no later than March 2013 of the allegedly fraudulent investigation and the destruction of Prince's file, plaintiffs did not institute this lawsuit until more than three years later by filing motions for leave to proceed *in forma pauperis* on March

24, 2016. (Docs. 1, 2). Plaintiffs have not alleged any facts to indicate the limitations period should be equitably tolled under the circumstances this case presents. Thus, plaintiffs' *Bivens* claims against defendants Ohr and Robles should be dismissed as time-barred under the applicable two-year statute of limitations.

**III. The United States' motion to dismiss**

The United States moves to dismiss plaintiff's state law tort claims for spoliation of evidence and intentional infliction of emotional distress on the ground the Court lacks subject matter jurisdiction over the claims under Fed. R. Civ. P. 12(b)(1). (Doc. 21). The United States alleges jurisdiction is lacking over plaintiffs' tort claims because plaintiffs have not exhausted their administrative remedies as required under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*. In the event the Court finds the exhaustion requirement is not jurisdictional, the United States moves the Court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to relief.

Subject matter jurisdiction is lacking in a lawsuit against the United States or an agency of the United States unless it consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also CareToLive v. von Eschenbach*, 525 F. Supp.2d 938, 950 (S.D. Ohio 2007), *aff'd sub nom. CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008) (the United States may not be sued without its consent, and consent is a prerequisite to jurisdiction) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998)). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell*, 463 U.S. at 212). The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). If the plaintiff cannot identify

8

a waiver, his claim must be dismissed for lack of jurisdiction. *Id.* (citing *Reetz*, 224 F.3d at 795). *See also Wojton v. U.S.*, 199 F. Supp.2d 722, 726 (S.D. Ohio 2002) (plaintiff has the burden under Fed. R. Civ. P. 8 to set forth the grounds for the Court's jurisdiction).

The FTCA provides a limited waiver of the United States' sovereign immunity and vests the district courts with subject matter jurisdiction over certain tort claims against the United States. *Levin v. United States*, __ U.S. __, 133 S.Ct. 1224, 1228 (2013) (citing *Richards v. United States*, 369 U.S. 1, 6 (1962)); *Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012). The FTCA gives federal courts "exclusive jurisdiction over claims against the United States for 'injury or loss of property . . . caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Levin,* 133 S.Ct. at 1228 (citing 28 U.S.C. § 1346(b)(1)). The FTCA makes the United States substantively liable "to the same extent as a private individual" under the law of the state where the tort occurred. *Id.* (citing 28 U.S.C. §§ 2674, 1346(b)(1)).

In order for an individual to bring a claim under the FTCA against an employee for a tort committed while acting within the scope of his employment, the individual must first exhaust his administrative remedies by presenting the claim in writing to the appropriate agency and obtaining the agency's written denial of the claim. 28 U.S.C. § 2675(a). "A tort claim against the United States [is] barred unless it is presented [to the agency] within two years after such claim accrues or unless action is begun within six months" of the agency's denial of the claim. 28 U.S.C. § 2401(b)).

The United States asserts that it is not settled law in the Sixth Circuit whether the FTCA's exhaustion requirement is jurisdictional. (Doc. 21 at 4, n. 1). The Sixth Circuit previously held that "the failure to file a timely administrative claim under the FTCA bars federal jurisdiction."

*Singleton v. U.S.*, 277 F.3d 864, 873 (6th Cir. 2002) (citing *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982)). However, the Sixth Circuit in *Hawver v. U.S.*, 808 F.3d 693 (6th Cir. 2015), expressly overruled its prior holdings in *Rogers* and *Singleton* based on the decision in *U.S. v. Kwai Fun Wong*, __ U.S. __, 135 S.Ct. 1625 (2015), which held that the time limitations governing an FTCA claim set forth in § 2401(b) are not jurisdictional and are subject to equitable tolling.[5] Thus, it is now the law of the Sixth Circuit that the timely filing of an administrative claim is a condition precedent to filing suit under the FTCA which is subject to equitable tolling. *See Jackson v. Donahoe*, No. 1:15-cv-3, 2015 WL 1962939, at *1 (W.D. Mich. May 1, 2015) (applying *Wong* and dismissing the plaintiff's claim for failure to exhaust her administrative remedies without prejudice on the ground the time bar contained in § 2675(a) is not jurisdictional). Because the administrative exhaustion requirement is a condition precedent to filing suit and is not jurisdictional, defendant's motion to dismiss plaintiffs' FTCA claim is appropriately considered under Rule 12(b)(6) rather than Rule 12(b)(1). *Cf. Smith v. Huerta*, No. 2:12-cv-02640, 2013 WL 3242492, at *4 (W.D. Tenn. June 25, 2013) (dismissing claim under Rule 12(b)(6) based on the plaintiff's failure to exhaust administrative condition precedent instead of under Rule 12(b)(1) and citing *Mitchell v. Chapman,* 343 F.3d. 811, 819-820 (6th Cir. 2003) ("conditions precedent are similar to statutes of limitations . . . a dismissal for failing to comply with a statute of limitations is a decision on the merits for claim preclusion purposes.")).

There is no issue in this case as to whether plaintiffs timely satisfied the administrative exhaustion requirement. Plaintiffs do not allege in the original or amended complaint that they filed an administrative claim with the NLRB for money damages prior to instituting this lawsuit.

---

[5] The Sixth Circuit held in several other cases predating *Hawver* that the administrative exhaustion requirement is jurisdictional. *See Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) (citing *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996)). *See also Harris v. City of Cleveland*, 7 Fed. App'x. 452 (6th Cir. 2001)).

Further, plaintiffs do not dispute NLRB counsel's declaration that a search of NLRB records for the years 2006 to 2015 did not disclose any tort claims presented by plaintiffs. (Doc. 21-1, Exh. A, Decl. of Nancy E. Kessler Platt, Deputy Associate General Counsel, Division of Legal Counsel, NLRB).[6] Finally, plaintiffs do not allege any facts that suggest the time limits provided in § 2401(b) should be equitably tolled. Plaintiffs' FTCA claim against the United States should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) based on plaintiffs' failure to exhaust their administrative remedies.

## IV. The NLRB's motion for summary judgment

Defendant NLRB moves for summary judgment as a matter of law on plaintiffs' claim brought against it under the FOIA. (Doc. 23). FOIA cases are typically decided on summary judgment prior to discovery. *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 544 (6th Cir. 2001). A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[A] party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.

---

[6] While the Court ordinarily does not rely on matters outside the pleadings when ruling on a motion to dismiss, where affidavits or declarations do "nothing more than verify the complaint, and when they add [] nothing new, but, in effect, reiterate [] the contents of the complaint itself, they are not truly materials . . . outside the pleadings." *El-Hallani v. Huntington Nat. Bank*, 13-cv-12983, 2014 WL 988957, at *2 (E.D. Mich. Mar. 13, 2014) (citing *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (quoting *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993)). Platt's declaration adds nothing new to the original and amended complaints as plaintiffs do not allege that they filed an administrative claim for damages, and they do not dispute the statements in the declaration. The Court can therefore properly consider the declaration when ruling on the NLRB's motion to dismiss.

*See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1982). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. *See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (quoting *First Nat'l Bank*, 391 U.S. at 288-89).

The movant bears the burden of demonstrating that no material facts are in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The non-moving party's failure to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. *Mongan v. Lykins,* No. 1:09-cv-00626, 2010 WL 2900409, at *3 (S.D. Ohio 2010) (citing *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-455 (6th Cir. 1991)). The Court's obligation when evaluating an unopposed motion for summary judgment is as follows:

> [T]he Court must review carefully those portions of the submitted evidence designated by the moving party. The Court will not, however, *sua sponte* comb the record from [the non-moving party's] perspective. Instead, the Court may reasonably rely on [the movant's] unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are uncontroverted. If such

> evidence supports a conclusion that there is no genuine issue of material fact, the Court should determine that [the movants] have carried their burden. . . .

*Mongan,* 2010 WL 2900409 (internal quotations and citations omitted).

The NLRB alleges it is entitled to summary judgment as a matter of law because plaintiffs did not request an "agency record" from the NLRB, which is a required element of a claim under the Act. (Doc. 23). The FOIA obligates agencies of the United States government to make their records "promptly available to any person," except those records specifically exempt from disclosure. 5 U.S.C. § 552(a)(3). The FOIA vests jurisdiction in the district courts to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). To establish jurisdiction under the FOIA, the plaintiff must show that the agency (1) "improperly" (2) "withheld" (3) "agency records." *Id.* at 150 (*quoting* 5 U.S.C. § 552(a)(4)(B)).

The undisputed evidence of record shows that plaintiffs did not request a "record" within the meaning of the FOIA. The Act defines a "record" as including:

> any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format. . . .

5 U.S.C. § 552(f)(2)(A). For requested materials to qualify as "agency records," the agency must "either create or obtain" the requested materials and the agency "must be in control of the requested materials at the time the FOIA request is made." *U.S. Dept. of J. v. Tax Analysts,* 492 U.S. 136, 144-45 (1989). An agency need not create documents in response to an individual's request for information. *Anderson v. U.S. Dept. of Justice,* 518 F. Supp. 2d 1, 10 (D.D.C. 2007) ("To the extent that plaintiff's FOIA requests are questions or requests for explanations of policies or procedures, these are not proper FOIA requests.") (citing cases).

Plaintiffs did not request a "record" from the NLRB but instead asked the NLRB to answer legal questions they posed. (Doc. 6 at 8; Doc. 23-1, Exh. 1, Decl. of Kevin P. Flanagan, Supervisory Attorney in the Contempt, Compliance, and Special Litigation Branch of the NLRB, Exh. B). The NLRB acknowledged receipt of plaintiffs' request on April 13, 2016. (*Id.*, Exh. A). The NLRB sent plaintiffs a final response dated May 17, 2016, advising them that the FOIA "applies only to 'records' maintained by federal agencies" and did not require the agency to create documents to answer plaintiffs' questions; therefore, the agency would not attempt to answer plaintiffs' questions in its response. (*Id.*, Exh. B). Although not obligated to do so, the NLRB directed plaintiffs to some resources that might be helpful. (*Id.*). Plaintiffs have not submitted evidence to show that the NLRB failed to disclose material in response to their FOIA request that was in existence at the time of plaintiffs' request. Thus, because there is no dispute that plaintiffs did not submit a request for a "record" within the meaning of the FOIA, they cannot prevail on their FOIA claim. Defendant NLRB is entitled to summary judgment on the FOIA claim as a matter of law.

### IT IS THEREFORE RECOMMENDED THAT:

(1) The United States' motion to dismiss plaintiffs' FTCA claim (Doc. 21) be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to relief.

(2) The NLRB's motion for summary judgment as a matter of law on plaintiffs' FOIA claim (Doc. 23) be **GRANTED** pursuant to Fed. R. Civ. P. 56.

(3) Defendants Robles and Ohr's motion to dismiss plaintiffs' claims (Doc. 24) be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6).

(4) The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/20/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EARL KELLY PRINCE, et al.,
Plaintiffs,

Case No. 1:16-cv-419
Barrett, J.
Litkovitz, M.J.

vs.

NATIONAL LABOR RELATIONS
BOARD, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

16